# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-2042-LRR |
| vs. | **ORDER** |
| SHAWN GANT, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Shawn Gant's "Motion to Sever Multiple Counts Against Defendant" ("Motion") (docket no. 76).

## *II. RELEVANT PROCEDURAL BACKGROUND*

On November 16, 2011, the government filed a three-count Indictment (docket no. 2) against Defendant. Count 1 of the Indictment charges that, on or about May 7, 2010, Defendant maliciously damaged and destroyed by means of fire the building at 13 W. Charles St., Oelwein, Iowa, used in interstate commerce and in an activity affecting interstate commerce, in violation of 18 U.S. C. § 844(i).[1] The Indictment further charges that this act resulted in injury to a firefighter. Count 2 of the Indictment charges that, on or about October 10, 2009, Defendant maliciously damaged and destroyed by means of fire the building at 505 S. Main St., Fayette, Iowa, used in interstate commerce and in an activity affecting interstate commerce, in violation of 18 U.S.C. § 844(i). Finally, Count 3 of the Indictment charges that, on or about July 5, 2009, Defendant maliciously damaged and destroyed by means of fire the building at 516 6th Street NE, Independence, Iowa,

---

[1] On December 21, 2011, the government filed an unresisted "Motion to Correct Indictment" (docket no. 12). United States Magistrate Judge Jon S. Scoles entered an Order (docket no. 16) granting the Motion to Correct Indictment. The address in Count 1 now reads: "17 W. Charles St., Oelwein, Iowa."

used in interstate commerce and in an activity affecting interstate commerce, in violation of 18 U.S.C. § 844(i).

On June 12, 2012, Defendant filed the Motion. On June 22, 2012, the government filed a Resistance (docket no. 111). In the Motion, Defendant requests a hearing.[2] The court finds that a hearing is unnecessary. The Motion is fully submitted and ready for decision.

## III. ANALYSIS

In his Brief in Support of the Motion, Defendant contends that Counts 1 through 3 were improperly joined under Federal Rule of Criminal Procedure 8. Defendant further contends that, even if the charges were properly joined, the court should order a separate trial on each count under Federal Rule of Criminal Procedure 14.

In its Resistance, the government first notes that the Motion is untimely and argues that the court should deny the Motion on that basis. The government further argues that, even if the Motion were timely, it would fail on the merits.

### A. *Untimely*

In its Resistance, the government argues that the Motion is untimely. The court agrees. The Criminal Trial Scheduling Order (docket no. 10) provides that a party must file all non-trial-related motions referred to in Local Criminal Rule 12.a within twenty-eight days after the date of the first arraignment. Local Criminal Rule 12.a applies to requests under Federal Rule of Criminal Procedure 12(b), *see* LCrR12.a, which includes motions alleging improper joinder under Rule 8 or requesting severance under Rule 14. *See* Fed. R. Crim. P. 12(b) (providing for "a motion alleging a defect in the indictment" and "a Rule 14 motion to sever charges").

---

[2] The court notes that Defendant failed to comply with Local Rule 7, which requires that a request for oral argument "be noted separately in both the caption and the conclusion of the motion . . . and must be supported by a showing of good cause." LR 7.c; *see also* LR 7.a (noting that the term "motion" applies to criminal, as well as civil, motions).

Under Federal Rule of Criminal Procedure 12(e), "[a] party waives any Rule 12(b)(3) . . . request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." Fed. R. Crim. P. 12(e); *see also United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011) (discussing Rule 12(e)).

In this case, Defendant was arraigned on December 20, 2011. On December 29, 2011, Defendant filed an unresisted "Motion to Continue Trial and All Pretrial Deadlines" ("Motion to Continue") (docket no. 17). On January 3, 2012, United States Magistrate Judge Jon S. Scoles entered an Order (docket no. 18) granting Defendant's Motion to Continue and extending the deadline to file non-trial-related motions to February 14, 2012.

Defendant filed the Motion on June 12, 2012—nearly four months late. Defendant offers no explanation for the late filing. Thus, the court finds that the Motion is untimely, there is no good cause for the delay and, thus, Defendant waived his claim that Counts 1 through 3 are improperly joined and his request for severance of the counts. Accordingly, the court shall deny the Motion.

### *B. Merits*

Even if Defendant filed the Motion in a timely manner, the court would nonetheless deny it on the merits.

#### *1. Rule 8*

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005); *accord United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). Under Rule 8, an "indictment or information may charge a defendant in separate counts with [two] or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "'The rules are to be liberally construed in favor of joinder.'" *United States v. Garrett*,

648 F.3d 618, 625 (8th Cir. 2011) (quoting *Ruiz*, 412 F.3d at 886); *see also United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008) ("The rule is broadly construed in favor of joinder to promote the efficient administration of justice.").

"'In applying the "same or similar character" standard, [the Eighth Circuit Court of Appeals has] found joinder of offenses to be proper when the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps.'" *Garrett*, 648 F.3d at 625 (quoting *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994)). For example, in *Garrett*, the Eighth Circuit held that two counts were properly joined because they were for the same crime, being a felon in possession of a firearm. *Id*. Furthermore, "[t]he offenses, occurring approximately fifteen months apart, took place over a relatively short period of time." *Id*. Finally, "the evidence as to each count overlapped as the offenses were predicated on the same felony, and evidence of each offense would have been admissible under Rule 404(b) to prove the other in separate trials." *Id*.; *see also United States v. Steele*, 550 F.3d 693, 702 (8th Cir. 2008) (holding that multiple assault charges were properly joined).

In this case, the three arson charges are properly joined under Rule 8. First, as in *Garrett*, all three charges are for the same crime. Second, as the government notes in its Resistance, "the fires occurred over a span of ten months. . . . [T]he second fire occurred only three months after the first, and the third followed only seven months later." Resistance at 6. Finally, the court finds that there is a "strong possibility of evidentiary overlap between the claims." *Steele*, 550 F.3d at 702. The court has already held that Defendant's involvement in four prior fires is admissible under Rule 404(b) to prove Defendant's intent, motive and lack of accident as to each charged fire. *See* July 3, 2012 Sealed Order (docket no. 136) at 4-15. Thus, evidence of Defendant's involvement in the prior fires would be admissible in a separate trial on each count. Furthermore, "the evidence of each [charged arson] would likely . . . [be] admissible under Rule 404(b) in the other trial[s]." *Steele*, 550 F.3d at 702. Such evidence would be relevant to prove

intent, motive and lack of accident. *See* Fed. R. Evid. 404(b). Defendant argues that, because arson is a general intent crime, "each arson would not be admissible to show an element of another arson." Brief in Support of Motion (docket no. 76-1) at 4. For the reasons stated in the court's July 3, 2012 Sealed Order, however, the court rejects this argument. *See* July 3, 2012 Sealed Order at 14; *see also United States v. Littlewind*, No. 2:07-cr-116, 2008 WL 3906090, at *1 (D.N.D. Aug. 19, 2008) ("[G]eneral intent is an appropriate material issue."), *aff'd on other grounds*, 595 F.3d 876 (8th Cir. 2010).

### 2. *Rule 14*

Even if charges are properly joined under Rule 8, Federal Rule of Criminal Procedure 14 grants the court the discretion to "order separate trials of counts" when the "joinder of offenses . . . in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a); *see also Garrett*, 648 F.3d at 625 ("[A] district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges."). The prejudice a defendant would face must be "'severe or compelling.'" *United States v. Kirk*, 528 F.3d 1102, 1108 (8th Cir. 2008) (quoting *Ruiz*, 412 F.3d at 886). "Severe prejudice occurs when a defendant is deprived of 'an appreciable chance for an acquittal,' a chance that defendant 'would have had in a severed trial.'" *Id.* (quoting *United States v. Boyd*, 180 F.3d 967, 982 (8th Cir. 1999)). "'[T]here is a strong presumption against severing properly joined counts.'" *Garrett*, 648 F.3d at 626 (quoting *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010)). The burden is on a defendant to establish prejudice. *See id.*; *Darden*, 70 F.3d at 1527.

In this case, Defendant has not shown prejudice. "[P]rejudice does not result if evidence of one charge would have been admissible in the trial of the other." *Garrett*, 648 F.3d at 626 (citing *Taken Alive*, 513 F.3d at 903). As explained above, evidence relating to each charged fire would be admissible in a separate trial on each count under Rule 404(b). Thus, Defendant has not demonstrated that he will be prejudiced by a joint trial.

5

## IV.  CONCLUSION

In light of the foregoing, Defendant's Motion to Sever Multiple Counts Against Defendant (docket no. 76) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 3rd day of July, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA